WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Terrell Suggs,

          Plaintiff,

v.

Maire Wichard, et al.,

          Defendants.

No. CV-15-02141-PHX-GMS

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Doc. 24.) For the following reasons, the Court dismisses the claims with prejudice.

## BACKGROUND

Plaintiff Terrell Suggs is a professional football player for the Baltimore Ravens of the National Football League ("NFL"). Plaintiff was represented by sports agent Gary Wichard until Mr. Wichard passed away in March 2011. Defendant Maire Wichard is Mr. Wichard's widow and the executrix of Mr. Wichard's Estate ("Estate"). Defendant Pro Tect Management, LLC, ("Pro Tect") is the company through which Mr. Wichard did business.

In 2009, Gary Wichard negotiated a contract between Terrell Suggs and the Baltimore Ravens that would run through 2014. Pursuant to the terms of the NFL Players' Association ("NFLPA") Standard Representation Agreement ("SRA"), Plaintiff agreed to pay Mr. Wichard three percent of his annual compensation under the contract.

After Mr. Wichard's death, on November 15, 2011, Plaintiff retained a new Contracts Advisor, Joel Segal, to replace Mr. Wichard.

Plaintiff made commission payments of $102,000 and $147,000 to the Estate for the 2011 and 2012 NFL seasons, respectively. (Doc. 1 at 6–7.) These amounts represented three percent of Mr. Suggs's total compensation for those seasons. Plaintiff later refused to pay commissions for the 2013 and 2014 NFL seasons despite receiving demand letters from Mrs. Wichard on behalf of the Estate. (Doc. 1 at 10.) In March 2014, the Estate filed a Grievance against Plaintiff through NFLPA arbitration to collect the 2013 commissions. (Doc. 24-1 at 24.) Plaintiff then filed his own Grievance against the Estate and Pro Tect for failing to represent him after Gary Wichard's death. (*Id.*) These Grievances were arbitrated together before an arbitrator.

The arbitrator held that Plaintiff was required to pay the Estate $172,800—$192,000 based on Plaintiff's compensation for the 2013 NFL Season, discounted by 10% because Mr. Wichard and the Estate had failed to fully represent Plaintiff in the "enforcement" of the 2009 contract. (*Id.* at 28–29.) On March 24, 2015, the United States District Court for the Eastern District of Virginia confirmed the arbitration award for the 2013 NFL season. (*Id.* at 44.) The Estate filed another Grievance against Plaintiff with the NFLPA to recover commissions for the 2014 NFL season. (Doc. 25-1 at 16.) On December 16, 2015, the arbitrator awarded the Estate $234,800. (*Id.* at 23.) This award was confirmed by the United States District Court for the Eastern District of Virginia on April 5, 2016. (Doc. 31-2 at 2.)

Now, Plaintiff brings suit against Mrs. Wichard and Pro Tect, alleging unjust enrichment and breach of an implied contract.[1] The two claims arise out of the same simple and undisputed set of facts: After Gary Wichard's death, Plaintiff paid

---

[1] Plaintiff's complaint also asks for a declaration that, should the arbitrator decide in Defendants' favor regarding the commissions for the 2014 season, Plaintiff is entitled to restitution of the amount awarded. After this action was filed, but prior to this ruling, the arbitrator did render a decision in Defendants' favor. Therefore, a forward-looking declaratory judgment is no longer necessary and the award will be considered along with the rest of Plaintiff's claims.

- 2 -

commissions to the Estate, and neither Mrs. Wichard nor Pro Tect performed any agency services on Plaintiff's behalf. Plaintiff asserts that this constitutes unjust enrichment, as "it would be inequitable and against good conscience to permit Defendants to retain the fees [collected] for services that were never performed." (Doc. 1 at 13.) He also asserts that by accepting and later demanding payments, Defendants entered into an implied contract with Plaintiff to perform agency services, and breached this contract by not performing those services. He offers no explanation, however, as to how payments that he owed and paid to the Estate were separately owed and paid to Mrs. Wichard or Pro Tect.

Mrs. Wichard, a citizen of California, and Pro Tect, a California limited liability corporation, seek to dismiss Plaintiff's action for a lack of personal jurisdiction or, alternatively, failure to state a claim upon which relief can be granted.

## DISCUSSION

**I.   Personal Jurisdiction**

Ordinarily, a court should resolve issues of jurisdiction before deciding any questions going to the merits of a claim. *See, e.g.*, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). However, in certain circumstances, "[a] court may assume the existence of *personal* jurisdiction and adjudicate the merits in favor of the defendant without making a definitive ruling on jurisdiction." *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) (emphasis added), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *see also Strong College Students Moving Inc. v. College Hunks Hauling Junk Franchising LLC*, No. CV-12-01156-PHX-DJH, 2015 WL 12602438, at *5 (D. Ariz. May 15, 2015); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 1289984, at *2 (N.D. Cal. Mar. 20, 2015). This is particularly appropriate where the jurisdictional issue is a close question but the "substantive merits underlying the issue are facilely resolved in favor of the party challenging jurisdiction." *Kotler v. Am. Tobacco Co.*, 926 F.2d 1217, 1221 (1st Cir. 1990), *vacated on other*

*grounds*, 505 U.S. 1215 (1992); *see also Norton v. Mathews*, 427 U.S. 524, 530–31 (1976); *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 785 (S.D. Ohio 2003). This is such a case, and the Court will therefore move directly to the sufficiency of Plaintiff's claims.

## II.     Failure to State a Claim

Defendants proffer several different theories as to why Plaintiff's claims should be dismissed for failure to state a claim: collateral estoppel, res judicata, the statute of frauds, the statute of limitations, and deficiencies in both claims as a matter of law. Collateral estoppel prevents Plaintiff from re-litigating issues that prove fatal to his claims on their face, and therefore need not address any of the numerous alternative proposed grounds for dismissal.

### A.     Collateral Estoppel

A federal court sitting in diversity applies the law of the state in which it sits to determine the application of collateral estoppel. *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994). "Collateral estoppel, or issue preclusion, binds a party to a decision on an issue litigated in a previous lawsuit" if certain elements are satisfied. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, 62 P.3d 966, 968 (Ct. App. 2003). When, as here, "a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party," four elements must be met. *Id.* First, the issue must have been "actually litigated in the previous proceeding"; second, the parties must have "had a full and fair opportunity and motive to litigate the issue"; third, a "valid and final decision on the merits" must have been entered; and fourth, the issue must have been "essential to the decision." *Id.*

There are four prior proceedings in this matter: the first arbitration, with a decision issued on December 4, 2014; the district court proceeding confirming that award, with a decision issued on March 25, 2015; the second arbitration, with a decision issued on December 30, 2015; and the district court proceeding confirming that award,

with a decision issued on April 5, 2016.[2]  Each of these entered a final decision on the merits.  In both arbitration proceedings, "[b]oth parties had the opportunity to examine and cross-examine witnesses as well as present evidence in support of their respective positions."  (Doc. 24-1 at 15, Doc. 25-1 at 5.)  The first district court confirmation proceeding was "extensively briefed" by both parties.  (Doc. 24-1 at 40.)  In the second district court proceeding, however, Plaintiff "filed no opposition" to the Estate's motions.

The issue that ultimately precludes Plaintiff's claims in this Court—whether Plaintiff was required to pay contract fees to the Estate—is the same as the central question in both arbitration proceedings.  Therefore this issue was actually litigated, by litigants who had a full and fair opportunity to litigate it, in a proceeding where it formed the necessary basis for a final decision on the merits.

### B. The Elements of Implied Contract and Unjust Enrichment

"A contract implied in fact is a true contract—an undertaking of contractual duty imposed 'by reason of a promissory expression.'"  *Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 521, 747 P.2d 1218, 1220 (1987) (quoting 1 A. Corbin, Corbin on Contracts § 18, at 39 (1963)).  "The distinction between an express contract and one implied in fact is that in the former the undertaking is made by words written or spoken, while in the latter conduct rather than words conveys the necessary assent and undertakings."  *Id.*  Plaintiff asserts that by "demanding and accepting payment of . . . fees" from Plaintiff, Defendants impliedly promised to render services to him, thus "creating an implied contract."  (Doc. 1 at 7.)

But an implied contract, like an express contract, requires consideration.  *See Carroll v. Lee*, 148 Ariz. 10, 13, 712 P.2d 923, 926 (1986).  Consideration is absent when

---

[2] The Court may properly consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" in deciding a motion for failure to state a claim.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The first arbitration award and the district court decision confirming that award are referenced in the complaint.  (Doc. 1 at 10–12.)  The Court relies on these two proceedings alone in finding Plaintiff collaterally estopped from asserting his claims.  However, the second arbitration award and the district court decision confirming that award are also properly the subject of judicial notice.  *See* Fed. R. Evid. 201(b)(2).

the promisee is already under a duty to perform.  *Travelers Ins. Co. v. Breese*, 138 Ariz. 508, 511, 675 P.2d 1327, 1330 (Ct. App. 1983).  As the Ninth Circuit aptly phrased this "elementary" principle of contract law:  "[G]iving a party something to which he has an absolute right is not consideration to support that party's contractual promise." *Salmeron v. United States*, 724 F.2d 1357, 1362 (9th Cir. 1983).  Plaintiff only gave Defendants the fees he was contractually obligated to pay the Estate—pursuant to what the arbitrator termed Plaintiff's "continued obligation to pay Wichard or the Estate the Contract Advisor fees."  (Doc. 24-1 at 29–30.)  The Contract Advisor fees "vested the moment [Gary Wichard] negotiated the 2009 contract on Mr. Suggs' behalf."  (*Id.* at 42.)  The fees were thus something to which the Estate had "an absolute right."  Plaintiff is collaterally estopped from arguing that this is not so.  Plaintiff makes no assertion that rather than or in addition to paying the Estate the amount the arbitrator determined it was owed, he paid Mrs. Wichard these funds in her individual capacity, or to Pro Tect as an entity in its individual capacity rather than to the Estate.  To the extent that Mrs. Wichard received the funds as the beneficiary of the Estate, as Plaintiff argues, the funds did not pass to her from the Estate with more obligations than the Estate itself had in their receipt.  His breach of implied contract claim therefore is dismissed.

For the same reason, collateral estoppel likewise proves fatal to Plaintiff's unjust enrichment claim.  "Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another."  *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 541, 48 P.3d 485, 491 (Ct. App. 2002).  To recover for unjust enrichment, Plaintiff must establish five elements:  "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy."  *Id.*

The "money or benefits" that Plaintiff argues belong to him "in justice and equity" are the same payments he argues created an implied contract—the fees due under the 2009 contract.  Under Plaintiff's unjust enrichment theory, Defendants were unjustly

enriched by retaining the fee payments without providing Plaintiff any services in return. In the language of the unjust enrichment test, he alleges "an absence of justification" for Defendants' enrichment and Plaintiff's impoverishment. This, too, fails under collateral estoppel. In addition to determining that the Estate was entitled to payment under the SRA, the arbitrator reduced Plaintiff's liability based on the Estate's non-performance.

> The fact remains, however, that Wichard did not perform certain services that he had agreed to perform during the time that he was still Suggs' contract advisor. . . . [S]ome reduction in the amount owed to the Estate is appropriate. . . . In consideration of the totality of the evidence, I find that a ten percent (10%) reduction in Contract Advisor fees is warranted.

(Doc. 24-1 at 28–29.) In other words, the arbitrator considered any possible injustice from Plaintiff's paying of fees to the Estate of an agent who could no longer represent him, and calculated a reduction in fees to avoid such injustice. This calculation necessarily addressed whether there was justification in Defendants' enrichment, and decided, with preclusive effect, that there was.

Plaintiff is correct in noting that the arbitrator did not "adjudicate whether Mrs. Wichard . . . or Pro Tect . . . had or had not breached their duties and obligations to Mr. Suggs." (Doc. 1 at 11.) But the arbitrator did determine that Plaintiff had contractual obligations to the Estate, and that the fulfillment of those obligations was not unjust. As before, Plaintiff makes no assertion that rather than or in addition to paying the Estate the amount the arbitrator determined it was owed, he paid Mrs. Wichard these funds in her individual capacity, or to Pro Tect as an entity. To the extent that Mrs. Wichard received the funds as the beneficiary of the Estate, those were funds the Estate was justly entitled to possess and distribute.

## CONCLUSION

Prior proceedings with preclusive effect have confirmed that Plaintiff Terrell Suggs owed certain fees to the Estate of Gary Wichard. He therefore may not use the payment of those fees as the basis of a breach of contract claim or an unjust enrichment claim against Wichard's widow or Wichard's business.

1  Leave to amend a complaint may be denied as futile where a plaintiff's claims are
2  barred by collateral estoppel. *See Rainwater v. Banales*, No. CV 08-3789-CJC(E), 2008
3  WL 5233138, at *9 n.6 (C.D. Cal. Dec. 15, 2008). Plaintiff's complaint is dismissed
4  without leave to amend and with prejudice.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Maire Wichard and Pro Tect (Doc. 24) is granted.

**IT IS FURTHER ORDERED** that all claims against Defendants are dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated this 10th day of November, 2016.

Honorable G. Murray Snow
United States District Judge